**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

*[additional counsel on signature page]*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEAVY & GENERAL LABORERS' LOCALS 472 & 172 WELFARE FUND, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> 3M COMPANY, INGE G. THULIN, MICHAEL F. ROMAN and NICHOLAS C. GANGESTAD, <br><br> Defendants | No.: 2:19-cv-15982-CCC-JBC <br><br> **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF AMALGAMATED BANK TO: (1) CONSOLIDATE RELATED ACTIONS; (2) APPOINT LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL** <br><br> CLASS ACTION <br><br> **MOTION DATE: October 21, 2019** |

[Caption continues on following page]

i

| | |
|---|---|
| BRUCE ROUSSEAU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>3M COMPANY, INGE G. THULIN, MICHAEL F. ROMAN and NICHOLAS C. GANGESTAD,<br><br>Defendants. | No.: 2:19-cv-17090-MCA-MAH<br><br>CLASS ACTION |

# TABLE OF CONTENTS

Background ........................................................................................................1

Argument..........................................................................................................3

   I.   The Related Actions Should Be Consolidated ...................................4

   II.   Movant Should Be Appointed Lead Plaintiff.....................................4

      A.   Movant Is Willing To Serve As A Class Representative...........6

      B.   Movant Has The Largest Financial Interest...............................6

      C.   Movant Satisfies The Requirements Of Rule 23 Of The Federal Rules Of Civil Procedure...........................................................................7

      D.   Movant Will Fairly And Adequately Represent The Interests Of The Class ...............................................................................................9

   III.   Movant's Selection Of Counsel Should Be Approved ...............10

Conclusion .....................................................................................................11

iii

# TABLE OF AUTHORITIES

**Cases**

*In re Fuwei Films Sec. Litig.*,
   247 F.R.D. 432 (S.D.N.Y. 2008)..............................................................................7
*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998)...............................................................................8
*In re Vicuron Pharm., Inc. Sec. Litig.*,
   225 F.R.D. 508 (E.D. Pa. 2004) ...........................................................................6, 7

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B).................................................................................*passim*

**Rules**

Fed. R. Civ. P. 42(a)..............................................................................................4
Rule 23 .................................................................................................................7, 8

Plaintiff Amalgamated Bank, as Trustee for the LongView Quant LargeCap Equity VEBA Fund, LongView LargeCap 500 Index Fund VEBA, LongView Broad Market 3000 Index Fund, LongView LargeCap 500 Index Fund, and LongView Quantitative LargeCap Fund, ("Amalgamated Bank" or "Movant") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B):

(a)     consolidating the above-captioned actions;

(b)     appointing Movant as Lead Plaintiff for the Class of all purchasers of the securities of 3M Company ("3M" or the "Company") between February 9, 2017 and May 28, 2019, both dates inclusive (the "Class Period"); and

(c)     approving Movant's selection of The Rosen Law Firm P.A. ("Rosen") as Lead Counsel.

## BACKGROUND

On July 29, 2019, this action was commenced against the Company and certain of its officers, and directors, for violations under the Exchange Act. That same day, a law firm disseminated an early notice, pursuant to the PSLRA, advising class members of, *inter alia,* the allegations and claims in the complaint, the Class

1

Period, and advising class members of their option to seek appointment as Lead Plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). The related action, *Rousseau v. 3M Company, et al.,* Case No. 2:19-cv-17090, was filed in this Court on August 22, 2019, alleging the same claims against the same Defendants.

3M is an American multinational conglomerate corporation that produces a variety of chemical substances and related products. 3M's most lucrative product has been man-made chemicals known as per- and polyfluoroalkyl substances ("PFAS"). According to the complaints, Defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (1) 3M's vast internal evidence dating back decades confirmed that PFAS are toxic (which was first publicly revealed in February 2018 by Minnesota's Attorney General); (2) 3M had a long history of suppressing negative information and/or damaging data about PFAS; (3) 3M had significant legal exposure to state, county, and local governments and individuals around the country as a result of its knowledge and intentional concealment of the toxic harm caused by the use of PFAS; and (4) as a result, 3M's public statements were materially false and misleading at all relevant times.

On April 25, 2019, 3M announced its first quarter 2019 financial results, acknowledging that the first quarter of 2019 "was a disappointing start to the year for 3M" and disclosing that on top of the "$1.16 per share impact" already recorded in the first quarter of 2018 related to the settlement with the State of Minnesota, 3M had "recorded significant litigation-related pre-tax charges of $548 million, or $0.72 per share" in the first quarter 2019 for additional PFAS liability. 3M also announced that it was cutting 2,000 jobs, approximately 2% of its 93,500 employees, and trimming fiscal year 2019 capital expenditures, including on manufacturing, in addition to accelerating other cost control reductions it said were already underway. On this news, the price of 3M common stock declined nearly 13%.

On May 29, 2019, New Hampshire filed two lawsuits against 3M and others for PFAS contamination. New Hampshire's Attorney General said the goal was to recoup damages for the PFAS contamination that had been found in all ten New Hampshire counties, noting that, in towns like Merrimack and Portsmouth, the contamination had put hundreds of families on bottled water. On this news, shares of 3M declined $0.95 per share to close at $161.40 per share on May 29, 2019.

## ARGUMENT

3

## I.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. §78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Each of the above-captioned related actions has been filed in this District alleging similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

4

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act.  The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B) (i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all of these criteria and is thus entitled to the presumption that he is the most adequate plaintiff of the class, and that, as a result, Movant should be appointed as Lead Plaintiff.

### A. MOVANT IS WILLING TO SERVE AS A CLASS REPRESENTATIVE

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in its certification, filed concurrently herewith, Movant has reviewed the complaint and is willing to serve as a representative of the class. *See* Rosen Decl. Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. MOVANT HAS THE LARGEST FINANCIAL INTEREST

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). In assessing the largest financial interest, courts in the Third Circuit assesses the following three factors in determining the movant with the largest financial interest: (i) the number of shares the movant purchased during the class period; (ii) the total net funds the movant expended during the class period; and (iii) the approximate loss the movant suffered. *In re Vicuron Pharm., Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these factors).

Movant (i) purchased 56,929 shares of 3M during the Class Period, (ii) expended $5,883,065.06 in net funds, and (iii) lost $2,230,878.45 on its purchases

of 3M securities. *See* Rosen Decl., Ex. 3.

Movant is not aware of any other movant that has suffered greater losses in 3M securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

## C. MOVANT SATISFIES THE REQUIREMENTS OF RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Vicuron*, 225 F.R.D. at 511; *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 439 (S.D.N.Y. 2008). Moreover, "typicality and

adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

Movant fulfills the requirements of Rule 23. Movant's claims share substantially similar questions of law and fact with the members of the class, and its claims are typical of those of the members of the class. Movant and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about 3M's business and financial condition.  Movant, as did all of the members of the class, purchased 3M securities at prices artificially inflated by Defendants' misstatements and omissions, and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Amalgamated Bank provides financial services and benefits to thousands of beneficiaries. Indeed, Amalgamated Bank is the paradigmatic Lead Plaintiff contemplated by the PSLRA because it is a sophisticated institutional investor accustomed to serving in a fiduciary capacity and has a substantial financial interest in the litigation. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995) reprinted in 1995 U.S.C.C.A.N. 679, 773 ("Institutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class

8

more effectively than class members with small amounts at stake. The claims of both types of class members generally will be typical."); *KBC Asset Mgmt. NV on behalf of Chemed Corp. v. McNamara*, 78 F. Supp. 3d 599, 605 (D. Del. 2015) (noting preference for institutional investor lead plaintiff).

Thus, the close alignment of interests between Movant and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Movant's motion to serve as Lead Plaintiff.

### D. MOVANT WILL FAIRLY AND ADEQUATELY REPRESENT THE INTERESTS OF THE CLASS

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant's ability, and its desire, to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses defendants could raise against it, that would render Movant inadequate to represent the Class.

9

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### III.    MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with lead plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen as Lead Counsel. The firm has been actively researching Movant's and the Class' claims including reviewing publicly available financial and other documents while gathering information in support of the claims against the defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in numerous cases throughout the nation. The firm has prosecuted securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors. Rosen's resume is attached as Exhibit 4 to the Rosen Declaration.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class

10

will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully request that the Court issue an Order: (1) consolidating the related actions; (2) appointing Movant as Lead Plaintiff; (3) approving Lead Plaintiff's selection of Rosen as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated: September 27, 2019          Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

/s/ Laurence M. Rosen
Laurence M. Rosen LR-5733
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Telephone: (973) 313-1887
Fax: (973) 833-0399
lrosen@rosenlegal.com

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Plaintiff and the Class*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September 2019, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


/s/ Laurence M. Rosen

12