**\*\*NOT FOR PUBLICATION\*\***

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In Re: 3M Company Securities Litigation* | Civil Action No.: 19-15982 (CCC)<br><br>**OPINION** |

**CECCHI, District Judge.**

Before the Court is the motion to transfer this action to the United States District Court for the District of Minnesota (St. Paul) pursuant to 28 U.S.C. § 1404(a) (the "Motion") filed by defendants 3M Company ("3M"), Nicholas C. Gangestad ("Gangestad"), Inge G. Thulin ("Thulin"), and Michael F. Roman ("Roman") (collectively, "Defendants"). ECF No. 46.  Plaintiffs State of Rhode Island, Office of the Rhode Island Treasurer on behalf of the Employees' Retirement System of the State of Rhode Island ("Rhode Island"), Iron Workers Local 580 Joint Funds ("Local 580"), Flossbach von Storch Invest S.A. ("Flossbach"), and Heavy & General Laborers' Locals 472 & 172 Welfare Fund ("HGL Welfare Fund", collectively with Rhode Island, Local 580, and Flossbach, "Plaintiffs") opposed the Motion (ECF No. 19) and Defendants replied in support of the Motion (ECF No. 50). Pursuant to Rule 78(b) of the Federal Rules of Civil Procedure, this matter is decided without oral argument.  The Court has considered all of the papers submitted in support of and in opposition to the Motion.  For the reasons set forth below, the Court denies Defendants' Motion.

## I.   BACKGROUND

This action was initiated by HGL Welfare Fund on July 29, 2019. ECF No. 1.  The initial complaint (the "Complaint") asserted claims against 3M, its current and former Chief Executive Officers (Roman and Thulin, respectively), and its Chief Financial Officer (Gangestad) for violating Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and SEC Rule

10b-5. Id. at 1.  Plaintiffs assert Defendants were "engaging in a scheme to defraud investors and issuing false and misleading statements to conceal the truth about [3M]'s exposure to legal liability associated with its most lucrative product offerings: man-made chemicals known as per- and polyfluoroalkyl substances." Id.  On October 21, 2019, the Court entered an order consolidating *Heavy & General Laborers' Locals 472 & 172 Welfare Fund* v. *3M Company* (Case No. 19-15982) with *Rousseau* v. *3M Company* (Case No. 19-17090), appointing Rhode Island, Local 580, and Flossbach as lead plaintiffs (the "Lead Plaintiffs") in the consolidated action (the "Consolidated Action").  By stipulation of the parties (ECF No. 41), an amended complaint was filed in the Consolidated Action on December 19, 2019 (the "Amended Complaint"). ECF No. 44.  The Amended Complaint again asserts that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 by misleading investors about the liabilities related to 3M's per- and polyfluoroalkyl substances ("PFAS"). ECF No. 44 at 1–2.  Specifically, the Amended Complaint alleges that Defendants made false statements and omitted material information regarding the true nature of 3M's liabilities with respect to PFAS litigation in its SEC filings and earnings calls from 2017 to 2019. Id. at 55–83.

Defendants filed the instant Motion to transfer shortly after the Amended Complaint was filed. ECF No. 46.  Defendants argue that the Consolidated Action should be transferred to the District of Minnesota because "all material aspects of Lead Plaintiffs' securities claims are linked to Minnesota" ECF No. 46-1 at 1.  Defendants also highlight that while Plaintiff HGL Welfare Fund is based in New Jersey and chose to file the Complaint in the District of New Jersey, HGL Welfare Fund chose not to be a Lead Plaintiff in the Consolidated Action and none of the Lead Plaintiffs are based in this district. Id. at 3–4.

HGL Welfare Fund and the Lead Plaintiffs oppose the Motion, arguing that "[t]his case has substantial connections to this District, and the interest of justice and of the parties strongly favor

litigation here." ECF No. 49 at 1. Plaintiffs claim that 3M's misconduct with PFAS has "had profound ramifications for the citizens of New Jersey and the surrounding areas." Id. Plaintiffs also contend that HGL Welfare Fund's choice to file this action in New Jersey should not be disturbed without good cause, and that 3M cannot show that litigating this action in New Jersey subjects it to a heavy burden given it is a Fortune 100 company operating on a national scale and that it is actively involved in other litigation in this District. Id. at 1–2.

## II.  LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Transferring a case under Section 1404(a) is within the sound discretion of the court so long as the court has jurisdiction. *Lafferty v. St. Riel*, 495 F.3d 72, 76–77 (3d Cir. 2007). When considering a transfer pursuant to Section 1404(a), the court must balance various private and public interests. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private factors include: (1) the plaintiff's choice of forum; (2) the defendant's forum preference; (3) whether the claim arose elsewhere; (4) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; (5) the convenience of the parties as indicated by their relative physical and financial condition; and (6) the location of books and records. *Id.* The public factors include: (1) the enforceability of the judgment; (2) practical considerations making the trial easy, expeditious, or inexpensive; (3) administrative difficulty in the two fora resulting from court congestion; (4) local interest in deciding a local controversy at home; (5) public policies of the fora; and (6) the trial judge's familiarity with the applicable law. *Id.*

## III.  DISCUSSION

First, the Court will determine whether venue is proper in the United States District Court for

the District of Minnesota. If the Court determines that venue is proper in the District of Minnesota, the Court will then consider the private and public interest factors to determine whether transfer is appropriate.

### A. Venue is Proper in the District of Minnesota

In the first step of its Section 1404(a) transfer analysis, this Court determines whether Plaintiffs could have brought this case in Defendants' proposed forum, the United States District Court for the District of Minnesota. A case can be brought in a district that "has (1) subject matter jurisdiction over the claims; (2) personal jurisdiction over the parties; and (3) is a proper venue." *Yang v. Odom*, 409 F. Supp. 2d 599, 604 (D.N.J. 2006). Plaintiffs do not appear to dispute that this action could have been brought in the District of Minnesota, and the Court finds that Defendants have shown that this case could have been filed there as 3M is headquartered in Minnesota, Gangestad and Roman reside in Minnesota, and Thulin lived and worked in Minnesota during the relevant time period. ECF No. 46-1 at 11–12; 15 U.S.C. § 78aa(a) ("Any suit or action to enforce any liability or duty created by [the Exchange Act] or rules and regulations thereunder . . . may be brought . . . in the district where the defendant is found or is an inhabitant or transacts business."). As the Court has determined that this action could have been brought in the District of Minnesota, the Court will analyze the Third Circuit's private and public factors to determine whether the suit should be transferred.

### B. Balancing the Private and Public Interest Factors

In balancing the private and public factors, this Court finds transfer is not appropriate. The first private factor, Plaintiffs' forum preference, weighs against transfer as HGL Welfare Fund and the Lead Plaintiffs all prefer that the action remain in the District of New Jersey. ECF No. 49 at 1–2. Plaintiffs stress that New Jersey is their preferred forum as it has substantial ties to the alleged wrongdoing underlying this matter given the entire state has been exposed to PFAS and one in five citizens in New Jersey are alleged to have PFAS in their drinking water. Id. at 1, 7. The Court further

4

notes that the Exchange Act gives great flexibility to plaintiffs to choose where to litigate. *See* ECF No. 49 at 4; *Micheel v. Haralson*, 586 F. Supp. 169, 172 (E.D. Pa. 1983). In contrast, the second private factor weighs in favor of transfer as Defendants prefer to try this action in the District of Minnesota. ECF No. 46-1 at 1. Defendants argue that factor three, whether the claim arose elsewhere, supports transferring the case to Minnesota because the SEC filings at issue were prepared at 3M's headquarters (id. at 1–2), but the strength of this factor is weakened as one of the alleged false statements was made in New York.[1] With respect to factor four, this factor weighs against transfer as Defendants are less likely than Plaintiffs to face difficulty in compelling witnesses to appear at trial as their witnesses are employees (ECF No. 46-1 at 16), and 3M's size and resources make it less burdensome for it to litigate in a foreign venue. *See Berger v. Marriott Int'l, Inc.*, No. 20-2508, 2020 WL 4815803, at *4 (E.D. Pa. Aug. 19, 2020) (given large corporation's ability to compel testimony of employees, transfer was not appropriate). Looking to factor five, Plaintiffs have argued that New Jersey would be a more convenient forum for them to litigate in as HGL Welfare Fund is based in New Jersey and the Lead Plaintiffs hail from Rhode Island, New York, and Luxembourg. ECF No. 49 at 11. Defendants contend that it would be more convenient for the trial to be held in Minnesota where 3M is headquartered and two of the individual defendants reside. ECF No. 46-1 at 6–7. This factor weighs against transfer as the Court finds that 3M's size, resources, and ongoing litigation in this district in other matters indicate that it is not overly burdensome for the company to conduct litigation here. The last private factor, the location of books and records, is neutral as most records for 3M are located at its headquarters in Minnesota and Plaintiffs' records are necessarily located in

---

[1] Defendants reliance on this Court's decision in *In re USA Technologies, Inc. Securities Litigation,* 2019 WL 4785780 (D.N.J. Sept. 30, 2019), ignores the numerous factual differences between that case and this one, such as the size of 3M, New Jersey's strong interest in this matter given the alleged environmental damage caused by PFAS, and Defendants' participation in ongoing litigation in New Jersey. The Court's decision to grant the motion to transfer in that matter does not require transfer of this action.

5

a number of disparate places. This factor is accorded somewhat lesser weight than others given the ability to transfer records digitally. *See Jumara*, 55 F.3d at 879 (noting that the location of books and records factor is "limited to the extent that the files could not be produced in the alternative forum"); *see also Osborne v. Employee Benefits Admin. Bd. of Kraft Heinz,* No. 19-00307, 2020 WL 1808270, at *9 (W.D. Pa. Apr. 9, 2020) ("Here, nothing in the record indicates that the relevant evidentiary materials would be unavailable in either Chicago or Pittsburgh. Thus, this factor remains relatively neutral."). On balance, the private factors weigh against transfer.

The public factors also support trying the case in this District. The factor that relates to deciding local controversies at home points strongly towards keeping the case here because New Jersey is alleged to be greatly affected by 3M's PFAS and the putative class is likely to contain New Jersey residents who were allegedly harmed by Defendants' false statements and misrepresentations regarding the company's potential liabilities. ECF No. 49 at 8–9; id. at 6 ("3M's poisoning of communities, including many in New Jersey, is at the heart of this case. The Complaint contains numerous specific references to that misconduct and its ramifications for New Jersey."). Similarly, the public policies of the fora factor favors trying the case in this District because New Jersey has an interest in the alleged financial and environmental wrongdoing at issue in this matter. Additionally, as to the factor of the trial judge's familiarity with the applicable law, judges in this district regularly handle claims under the Exchange Act and are quite familiar with such matters. The remainder of the public factors are largely neutral. As to the factor regarding the enforceability of the judgment, there is no distinction between the District of Minnesota and this forum, making this factor is neutral. In considering the practical considerations for a prompt and inexpensive trial factor, certain of the 3M witnesses, evidence, and records are in Minnesota (ECF No. 46-1 at 19–20), but Plaintiffs argue that witnesses are likely to come from New Jersey and surrounding areas given the high levels of PFAS in the area (ECF No. 49 at 11–12). This factor is therefore also neutral given the likely presence of

witnesses in both venues. Finally, the factor concerning the relative administrative difficulty in the two fora resulting from court congestion does not weigh heavily in either direction in this case.

The private and public interest factors, on balance, favor the case remaining in this District where it was originally filed. The decision to transfer a case under Section 1404(a) is within the sound discretion of the Court and a plaintiff's chosen forum should not be disturbed without good reason. *See Jumara*, 55 F.3d at 879 ("The burden of establishing the need for transfer still rests with the movant, [a]nd, in ruling on defendants' motion the plaintiff's choice of venue should not be lightly disturbed."). The Court finds that Defendants have not met their burden of showing that it is inefficient, unmanageable, or unduly burdensome to proceed with this matter in the District of New Jersey, and accordingly this matter will not be transferred to the District of Minnesota. *Samuels v. Medytox Sols., Inc.*, No. 13-7212, 2014 WL 4441943, at *3 (D.N.J. Sept. 8, 2014) (quoting *Shutte* v. *Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) ("This burden is a heavy one; as the Third Circuit has noted, 'unless the balance of convenience of the parties is strongly in favor of defendant, the plaintiff's choice of forum should prevail.'").

## IV.  CONCLUSION

For the reasons stated above, Defendants' Motion to transfer this matter to the District of Minnesota is **DENIED**. An appropriate Order accompanies this Opinion.

**DATE**: August 31, 2020

　　　　　　　　　　　　　　　　　　　　　　　　　　　　／s／

　　　　　　　　　　　　　　　　　　　　　　　　**CLAIRE C. CECCHI, U.S.D.J.**