# Exhibit 28

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 20-2864

———————

IN RE: 3M COMPANY, INGE G. THULIN,
NICHOLAS C. GANGESTAD, and MICHAEL F. ROMAN,
                                                    Petitioners

———————

On Petition for a Writ of Mandamus from the
United States District Court for the District of New Jersey
(District Court No. 2:19-cv-15982)
District Judge: Claire C. Cecchi

———————

Before: RESTREPO, PORTER and SCIRICA, *Circuit Judges*

(Filed: November 18, 2020)

———————

**ORDER**

———————

PER CURIAM

3M Company, Inge Thulin, Nicholas Gangestad, and Michael Roman (collectively "3M") petition this Court for a writ of mandamus. 3M asks us to vacate the District Court's transfer order and to direct transfer of this matter from the District of New Jersey to the District of Minnesota. Because we conclude the District Court clearly and indisputably erred in denying 3M's motion to transfer under 20 U.S.C. § 1404(a), we will grant the Petition.

## I.  BACKGROUND

3M's petition for mandamus relief arises from a securities fraud class action. The case was initiated in the District of New Jersey by Heavy & General Laborers' Locals 472 & 172 Welfare Fund ("HGLL"), a New Jersey employee benefits fund. HGLL's complaint alleged that 3M violated Sections 10(b) and 20(a) of the Securities and Exchange Act, and Securities and Exchange Commission Rule 10b-5. Two months after HGLL filed suit, Respondents—institutional investors from Rhode Island, New York, and Luxemburg—filed the Amended Complaint and were approved to serve as lead plaintiffs.[1] Respondents allege that 3M misled 75,000 investors about the true extent of legal liabilities stemming from its manufacture and distribution of harmful per- and polyfluoroalkyl ("PFAS") chemicals.

After Respondents filed the Amended Complaint, 3M moved to have the case transferred to the District of Minnesota under 28 U.S.C. § 1404(a). 3M primarily argued transfer was appropriate because: (1) 3M is headquartered in Minnesota, (2) each of the individual defendants worked out of 3M's headquarters in Minnesota, (3) all but one of the alleged false statements were issued or prepared in Minnesota, and (4) 3M's outside auditor reviewed and helped set the challenged litigation reserves in Minnesota. Respondents opposed transfer, primarily arguing that New Jersey has a significant local interest in deciding this case at home because 3M's PFAS products "caused acute harm to the citizens of New Jersey." App. 230–31.

---

[1]    HGLL did not seek lead-plaintiff status.

Largely agreeing with Respondents, the District Court denied 3M's motion. It attributed most weight to "[t]he factor that relates to deciding local controversies at home." App. 6. 3M now seeks mandamus relief from the District Court's order denying transfer.

## II. DISCUSSION

A writ of mandamus is an "extraordinary" remedy. *In re: Howmedica Osteonics Corp*, 867 F.3d 390, 401 (3d Cir. 2017). When a petitioner seeks mandamus relief from a transfer order, we will issue the writ only if the petitioner shows that the district court's decision amounts to a "clear and indisputable abuse of discretion or . . . error of law." *Id.* (internal citations omitted). This requires more than showing "the court misinterpreted the law, misapplied it to the facts, or otherwise engaged in an abuse of discretion." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 290 (5th Cir. 2015). Errors "must at least approach the magnitude of an unauthorized exercise of judicial power, or a failure to use that power when there is a duty to do so." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018) (internal citations omitted). We find that this standard is satisfied here.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This circuit has identified various private and public interest factors that courts should consider when deciding transfer motions. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). In this case, there are several errors in the District Court's transfer analysis. When those errors are considered as a whole, it is clear that mandamus relief is appropriate.

First, the District Court incorrectly concluded that New Jersey has a strong local interest in deciding this case at home and that its public policies weigh against transfer because it placed far too much weight on the alleged environmental harm in New Jersey. This is a securities class action aimed at redressing economic harm suffered by 3M's investors, not environmental harm in New Jersey. Respondents allege that 3M misled investors about the "magnitude of potential damages associated with 3M's manufacture and distribution of PFAS." Am. Compl. ¶ 110. As a result, this case is about whether 3M adequately forecasted PFAS liabilities and properly informed its investors. *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1330 (3d Cir. 2002). Moreover, nothing about this case is "local" to New Jersey. Respondents represent a class of 75,000 3M investors situated around the globe.

Similarly, the District Court placed too much weight on the Respondents' chosen forum because Respondents stressed that New Jersey "has substantial ties to the alleged wrongdoing underlying this matter given the entire state has been exposed to PFAS." App. 4. Respondents are from Rhode Island, New York, and Luxembourg. "When a plaintiff brings its charges in a venue that is not its home forum, however, that choice of forum is entitled to less deference." *In re Link_A_Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011) (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422 (2007)).

Next, the District Court failed to meaningfully consider whether Respondents' claims arose outside of New Jersey. Claims based on false statements or omissions arise in the district where they occurred. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d

291, 294 (3d Cir. 1994). Here, Respondents allege that 3M made 31 false or misleading statements during the class period. All but one of those 31 alleged false statements were issued from 3M's headquarters in Minnesota. Yet, even though the District Court views this factor as the "most critical" in a court's transfer analysis, *In re USA Techs., Inc. Sec. Litig.*, No. CV 18-13759, 2019 WL 4785780, at *2 (D.N.J. Sept. 30, 2019), it concluded that this factor deserved reduced weight merely because one statement was made in New York.

Lastly, the District Court erred when it concluded that the convenience and availability of witnesses weighed against transfer. It reasoned that 3M is "less likely than [Respondents] to face difficulty in compelling witnesses to appear at trial." App. 5. However, 3M identified a nonparty witness that is located in Minnesota, which is outside the subpoena power of the District of New Jersey, and Respondents did not identify any witness that would be unavailable to testify in Minnesota. Furthermore, most of the witnesses will likely be employees who work at 3M's headquarters. *See, e.g.*, *In re USA Techs., Inc. Sec. Litig.*, 2019 WL 4785780, at *3.

Of the remaining factors, the District Court determined that the majority either weigh in favor of transfer or are neutral. Meaning, on balance, the private and public interest factors favor transfer. In our view, the District Court clearly and indisputably erred by denying 3M's transfer motion.

Accordingly,

IT IS ORDERED THAT:

5

The petition for a writ of mandamus is granted. The Order denying transfer is vacated and the District Court for the District of New Jersey is directed to transfer this matter to the District Court for the District of Minnesota (St. Paul). The Clerk of Court is directed to issue the writ of mandamus in accordance with this Order.



**A True Copy:**

Patricia S. Dodszuweit, Clerk

6