# Exhibit 52

January 12, 2021

# 105 Generally Accepted Accounting Principles
## 10 Overall
### 05 Overview and Background

> **General Note**: The Overview and Background Section provides overview and background material for the guidance contained in the Subtopic. It does not provide the historical background or due process. It may contain certain material that users generally consider useful to understand the typical situations addressed by the standards. The Section does not summarize the accounting and reporting requirements.

## General

**105-10-05-1**   This Topic establishes the *Financial Accounting Standards Board (FASB) Accounting Standards Codification*® (Codification) as the source of authoritative generally accepted accounting principles (GAAP) recognized by the FASB to be applied by **nongovernmental entities**. Rules and interpretive releases of the Securities and Exchange Commission (SEC) under authority of federal securities laws are also sources of authoritative GAAP for SEC registrants. In addition to the SEC's rules and interpretive releases, the SEC staff issues Staff Accounting Bulletins that represent practices followed by the staff in administering SEC disclosure requirements, and it utilizes SEC Staff Announcements and Observer comments made at Emerging Issues Task Force meetings to publicly announce its views on certain accounting issues for SEC registrants.

**105-10-05-2**   If the guidance for a transaction or event is not specified within a source of authoritative GAAP for that entity, an entity shall first consider accounting principles for similar transactions or events within a source of authoritative GAAP for that entity and then consider nonauthoritative guidance from other sources. An entity shall not follow the accounting treatment specified in accounting guidance for similar transactions or events in cases in which those accounting principles either prohibit the application of the accounting treatment to the particular transaction or event or indicate that the accounting treatment should not be applied by analogy.

**105-10-05-3**   Accounting and financial reporting practices not included in the Codification are nonauthoritative. Sources of nonauthoritative accounting guidance and literature include, for example, the following:

   a.  Practices that are widely recognized and prevalent either generally or in the industry

   b.  FASB Concepts Statements

   c.  American Institute of Certified Public Accountants (AICPA) Issues Papers

   d.  International Financial Reporting Standards of the International Accounting Standards Board

   e.  Pronouncements of professional associations or regulatory agencies

   f.  Technical Information Service Inquiries and Replies included in AICPA Technical Practice Aids

   g.  Accounting textbooks, handbooks, and articles.

The appropriateness of other sources of accounting guidance depends on its relevance to particular circumstances, the specificity of the guidance, the general recognition of the issuer or author as an authority, and the extent of its use in practice.

**105-10-05-4**   The Codification contains the authoritative standards that are applicable to both public nongovernmental entities and **nonpublic** nongovernmental entities. Content contained in the SEC Sections (designated by an "S" preceding the Section number) is provided for convenience and relates only to SEC registrants. The SEC Sections do not contain the entire population of SEC rules, regulations, interpretive releases, and staff guidance. Content in the SEC Sections is expected to change over time, and there may be delays between SEC and staff changes to guidance and Accounting Standards Updates. The Codification does not replace or affect guidance issued by the SEC or its staff for public entities in their filings with the SEC.

**105-10-05-5**   The FASB does not consider Accounting Standards Updates as authoritative in their own right. Instead, new Accounting Standards Updates serve only to update the Codification, provide background information about the guidance, and provide the bases for conclusions on the change(s) in the Codification. All nongrandfathered non-SEC accounting guidance not included in the Codification is superseded and deemed nonauthoritative.

**105-10-05-6**   The provisions of the Codification need not be applied to immaterial items.

January 12, 2021

# 410 Asset Retirement and Environmental Obligations
## 30 Environmental Obligations
### 25 Recognition

**General Note**: The Recognition Section provides guidance on the required criteria, timing, and location (within the financial statements) for recording a particular item in the financial statements. Disclosure is not recognition.

**General Note for Fair Value Option**: Some of the items subject to the guidance in this Subtopic may qualify for application of the Fair Value Option Subsections of Subtopic 825-10. Those Subsections (see paragraph 825-10-05-5) address circumstances in which entities may choose, at specified election dates, to measure eligible items at fair value (the fair value option). See Section 825-10-15 for guidance on the scope of the Fair Value Option Subsections of the Financial Instruments Topic.

## General

> **Overall Approach**

**410-30-25-1**   Paragraph 450-20-25-2 requires the accrual of a liability if both of the following conditions are met:

    a.   Information available before the financial statements are issued or are available to be issued (as discussed in Section 855-10-25) indicates that it is probable that an asset has been impaired or a liability has been incurred at the date of the financial statements.

    b.   The amount of the loss can be reasonably estimated.

**410-30-25-2**   An entity's environmental remediation obligation that results in a liability generally does not become determinable as a distinct event, nor is the amount of the liability generally fixed and determinable at a specific point in time. Rather, the existence of a liability for environmental remediation costs becomes determinable and the amount of the liability becomes estimable over a continuum of events and activities that help to frame, define, and verify the liability. (See Subtopic 450-20.)

**410-30-25-3**   The underlying cause of an environmental remediation liability is the past or present ownership or operation of a site, or the contribution or transportation of waste to a site, at which **remedial actions** (at a minimum, investigation) must take place. For a liability to be recognized in the financial statements, this underlying cause must have occurred on or before the date of the financial statements.

> **Probability That a Liability Has Been Incurred**

**410-30-25-4**   In the context of environmental remediation liabilities, the probability criterion in paragraph 450-20-25-2 consists of two elements; the criterion is met if both of the following elements are met on or before the date the financial statements are issued or are available to be issued (as discussed in Section 855-10-25):

    a.   Litigation has commenced or a claim or an assessment has been asserted, or, based on available information, commencement of litigation or assertion of a claim or an assessment is probable. In other words, it has been asserted (or it is probable that it will be asserted) that the entity is responsible for participating in a remediation process because of a past event.

    b.   Based on available information, it is probable that the outcome of such litigation, claim, or assessment will be unfavorable. In other words, an entity will be held responsible for participating in a remediation process because of the past event.

**410-30-25-5**   What constitutes commencement or probable commencement of litigation or assertion or probable assertion of a claim or an assessment in relation to particular environmental laws and regulations may require legal determination.

**410-30-25-6**   Given the legal framework within which most environmental remediation liabilities arise, there is a presumption that the outcome of such litigation, claim, or assessment will be unfavorable if both of the following conditions exist:

>   a.  Litigation has commenced or a claim or an assessment has been asserted, or commencement of litigation or assertion of a claim or assessment is probable.

>   b.  The reporting entity is associated with the site—that is, it in fact arranged for the **disposal** of hazardous substances found at a site or transported hazardous substances to the site or is the current or previous owner or operator of the site.

> ### Ability to Reasonably Estimate the Liability

**410-30-25-7**   Estimating environmental remediation liabilities involves an array of issues at any point in time. In the early stages of the process, cost estimates can be difficult to derive because of uncertainties about a variety of factors. For this reason, estimates developed in the early stages of remediation can vary significantly; in many cases, early estimates later require significant revision. The following are some of the factors that are integral to developing cost estimates:

>   a.  The extent and types of hazardous substances at a site

>   b.  The range of technologies that can be used for remediation

>   c.  Evolving standards of what constitutes acceptable remediation

>   d.  The number and financial condition of other potentially responsible parties and the extent of their responsibility for the remediation (that is, the extent and types of hazardous substances they contributed to the site).

**410-30-25-8**   Section 450-20-55 concludes that the criterion for recognition of a loss contingency in paragraph 450-20-25-2(b) is met when a range of loss can be reasonably estimated.

**410-30-25-9**   An estimate of the range of an environmental remediation liability typically is derived by combining estimates of various components of the liability (such as the costs of performing particular tasks, or amounts allocable to other potentially responsible parties but that will not be paid by those other potentially responsible parties), which are themselves likely to be ranges. For some of those component ranges, there may be amounts that appear to be better estimates than any other amount within the range; for other component ranges, there may be no such best estimates. Accordingly, the overall liability that is recorded may be based on amounts representing the lower end of a range of costs for some components of the liability and best estimates within ranges of costs of other components of the liability.

**410-30-25-10**   At the early stages of the remediation process, particular components of the overall liability may not be reasonably estimable. This fact should not preclude the recognition of a liability. Rather, the components of the liability that can be reasonably estimated should be viewed as a surrogate for the minimum in the range of the overall liability.

**410-30-25-11**   For example, a sole potentially responsible party that has confirmed that it sent waste to a Superfund site and agrees to perform a remedial investigation and feasibility study may know that it will incur costs related to the **remedial investigation-feasibility study**. The potentially responsible party, although aware that the total costs associated with the site will be greater than the cost of the remedial investigation-feasibility study, may be unable to reasonably estimate the overall liability because of existing uncertainties, for example, regarding the kinds and quantities of hazardous substances present at the site and the technologies available to remediate the site. This lack of ability to quantify the total costs of the remediation effort, however, shall not preclude recognition of the estimated cost of the remedial investigation-feasibility study. In this circumstance, a liability for the best estimate (or, if no best estimate is available, the minimum amount in the range) of the cost of the remedial investigation-feasibility study and for any other component remediation costs that can be reasonably estimated shall be recognized in the entity's financial statements.

**410-30-25-12**   Uncertainties relating to the entity's share of an environmental remediation liability shall not preclude the entity from recognizing its best estimate of its share of the liability or, if no best estimate can be made, the minimum estimate of its share of the liability, if the liability is probable and the total remediation liability associated with the site is reasonably estimable within a range (see paragraphs 410-30-30-1 through 30-7).

**410-30-25-13**    Uncertainties are pervasive in the measurement of environmental remediation liabilities, and reporting entities are required to recognize their best estimate at the particular point in time (or, if no best estimate can be made, the minimum estimate) of their share of the liability and to refine their estimate as events in the remediation process occur.

> ### Benchmarks

**410-30-25-14**   Certain stages of a remediation effort or process and of potentially responsible party involvement (see paragraphs 410-30-05-24 for a discussion of these stages) provide benchmarks that should be considered when evaluating the probability that a loss has been incurred and the extent to which any loss is reasonably estimable. Benchmarks should

not, however, be applied in a manner that would delay recognition beyond the point at which the recognition criteria in Subtopic 450-20 are met.

**410-30-25-15** The following are recognition benchmarks for a Superfund remediation liability; analogous stages of the Resource Conservation and Recovery Act corrective-action process are also indicated. At a minimum, the estimate of a Superfund (or Resource Conservation and Recovery Act) remediation liability should be evaluated as each of these benchmarks occurs.

a. Identification and verification of an entity as a potentially responsible party. The Resource Conservation and Recovery Act analogue is subjection to facility permit requirements. Receipt of notification or otherwise becoming aware that an entity may be a potentially responsible party compels the entity to action. The entity must examine its records to determine whether it is associated with the site. If, based on a review and evaluation of its records and all other available information, the entity determines that it is associated with the site, it is probable that a liability has been incurred. If all or a portion of the liability is reasonably estimable, the liability shall be recognized. In some cases, an entity will be able to reasonably estimate a range of its liability very early in the process because the site situation is common or similar to situations at other sites with which the entity has been associated (for example, the remediation involves only the removal of underground storage tanks in accordance with the underground storage tank program). In such cases, the criteria for recognition would be met and the liability shall be recognized. In other cases, however, the entity may have insufficient information to reasonably estimate the minimum amount in the range of its liability. In these cases, the criteria for recognition would not be met at this time.

b. Receipt of **unilateral administrative order**. The Resource Conservation and Recovery Act analogue is, generally, interim corrective measures. An entity may receive a unilateral administrative order compelling it to take a response action at a site or risk penalties of up to four times the cost of the response action. Such response actions may be relatively limited actions, such as the performance of a remedial investigation and feasibility study or performance of a **removal action**, or they may be broad actions such as remediating a site. Under section 106 of Superfund, the Environmental Protection Agency must find that an "imminent and substantial endangerment" exists at the site before such an order may be issued. No preenforcement review by a court is authorized under Superfund if an entity elects to challenge a unilateral administrative order. The ability to estimate costs resulting from unilateral administrative orders varies with factors such as site complexity and the nature and extent of the work to be performed. The benchmarks that follow should be considered in evaluating the ability to estimate such costs insofar as the actions required by the unilateral administrative order involve these benchmarks. The cost of performing the requisite work generally is estimable within a range, and recognition of an environmental remediation liability for costs of removal actions generally should not be delayed beyond this point.

c. Participation, as a potentially responsible party, in the remedial investigation-feasibility study. The Resource Conservation and Recovery Act analogue is Resource Conservation and Recovery Act facility investigation. At this stage, the entity and possibly others have been identified as potentially responsible parties and have agreed to pay the costs of a study that will investigate the extent of the environmental impact of the **release** or threatened release of hazardous substances and identify site-remediation alternatives. Further, the total cost of the remedial investigation-feasibility study generally is estimable within a reasonable range. In addition, the identification of other potentially responsible parties and their agreement to participate in funding the remedial investigation-feasibility study typically provides a reasonable basis for determining the entity's allocable share of the cost of the remedial investigation-feasibility study. At this stage, additional information may be available regarding the extent of environmental impact and possible remediation alternatives. This additional information, however, may or may not be sufficient to provide a basis for reasonable estimation of the total remediation liability. At a minimum, the entity should recognize its share of the estimated total cost of the remedial investigation-feasibility study. As the remedial investigation-feasibility study proceeds, the entity's estimate of its share of the total cost of the remedial investigation-feasibility study can be refined. Further, additional information may become available based on which the entity can refine its estimates of other components of the liability or begin to estimate other components. For example, an entity may be able to estimate the extent of environmental impact at a site and to identify existing alternative remediation technologies. An entity may also be able to identify better the extent of its involvement at the site relative to other potentially responsible parties; the universe of potentially responsible parties may be identified; negotiations among potentially responsible parties and with federal and state Environmental Protection Agency representatives may occur; and information may be obtained that materially affects the agreed-upon method of remediation.

d. Completion of feasibility study. The Resource Conservation and Recovery Act analogue is corrective measures study. At substantial completion of the feasibility study, both a minimum remediation liability and the entity's allocated share generally will be reasonably estimable. The feasibility study should be considered substantially complete no later than the point at which the potentially responsible parties recommend a proposed course of action to the Environmental Protection Agency. If the entity had not previously concluded that it could reasonably estimate the remediation liability (the best estimate or, if no amount within an estimated range of loss was a better estimate than any other amount in the range, the minimum amount in the range), recognition should not be delayed beyond this point, even if uncertainties, for example, about allocations to individual potentially responsible parties and potential recoveries from third parties, remain.

e. Issuance of record of decision. The Resource Conservation and Recovery Act analogue is approval of corrective measures study. At this point, the Environmental Protection Agency has issued its determination specifying a preferred remedy. Normally, the entity and other potentially responsible parties have begun, or perhaps completed, negotiations, litigation (see paragraphs 410-30-35-8 through 35-11), or both for their allocated share of the remediation liability.

Accordingly, the entity's estimate normally can be refined based on the specified preferred remedy and a preliminary allocation of the total remediation costs.

f. Remedial design through operation and maintenance, including postremediation monitoring. The Resource Conservation and Recovery Act analogue is corrective measures implementation. During the design phase of the remediation, engineers develop a better sense of the work to be done and are able to provide more precise estimates of the total remediation cost. Further information likely will become available at various points until the site is delisted, subject only to postremediation monitoring. The entity should continue to refine and recognize its best estimate of its final obligation as this additional information becomes available.

> **Criteria to Capitalize Environmental Treatment Costs**

**410-30-25-16**   In general, environmental contamination treatment costs shall be charged to expense.

**410-30-25-17**   In certain situations, such as those described in paragraphs 410-30-25-18 through 25-21), it may be appropriate to capitalize environmental remediation costs.

**410-30-25-18**   Those costs may be capitalized if recoverable but only if any one of the following criteria is met:

a. The costs extend the life, increase the capacity, or improve the safety or efficiency of property owned by the entity. For purposes of this criterion, the condition of that property after the costs are incurred must be improved as compared with the condition of that property when originally constructed or acquired, if later.

b. The costs mitigate or prevent environmental contamination that has yet to occur and that otherwise may result from future operations or activities. In addition, the costs improve the property compared with its condition when constructed or acquired, if later.

c. The costs are incurred in preparing for sale that property currently held for sale.

**410-30-25-19**   This Subtopic requires that tangible assets acquired to clean a particular spill not be charged to expense immediately. Rather, to the extent that those tangible assets have future uses, they may be capitalized. Example 5 (see paragraph 410-30-55-18) illustrates this guidance.

**410-30-25-20**   [Paragraph not used]

> **Remediation Liabilities in Property Acquisitions**

**410-30-25-21**   The recording of the receipt of property as a contribution received following the guidance in Subtopic 958-605 shall include the effect of any environmental remediation liability that is recorded in conjunction with the contribution.

**410-30-25-22**   Recording an environmental remediation liability usually results in a corresponding charge to income, and the guidance herein with respect to the income statement refers to such charges.

> **Unasserted Claims**

**410-30-25-23**   Future actions of an entity, when they occur, may create a **legal obligation** to perform environmental remediation; however, no obligation exists currently (for example, if the obligation arises only when and if an entity ceases to operate a facility). Costs related to asset **retirement**, including costs of future site restoration or **closure** that are required upon the cessation of operations or sale of facilities, may create a current obligation that would be recognized in accordance with Subtopic 410-20.

January 11, 2021

---

# 450 Contingencies
## 20 Loss Contingencies
### 20 Glossary

> **General Note**: The Master Glossary contains all terms identified as glossary terms throughout the Codification. Clicking on any term in the Master Glossary will display where the term is used. The Master Glossary may contain identical terms with different definitions, some of which may not be appropriate for a particular Subtopic. For any particular Subtopic, users should only use the glossary terms included in the particular Subtopic Glossary Section (Section 20).

**Commencement Date of the Lease (Commencement Date)**

**Note**: The following definition is Pending Content; see Transition Guidance in 842-10-65-1.

The date on which a lessor makes an underlying asset available for use by a lessee. See paragraphs 842-10-55-19 through 55-21 for implementation guidance on the commencement date.

**Contingency**

An existing condition, situation, or set of circumstances involving uncertainty as to possible gain (gain contingency) or loss (loss contingency) to an entity that will ultimately be resolved when one or more future events occur or fail to occur.

**Contract**

**Note:** The following definition is Pending Content; see Transition Guidance in 606-10-65-1.

An agreement between two or more parties that creates enforceable rights and obligations.

**Gain Contingency**

An existing condition, situation, or set of circumstances involving uncertainty as to possible gain to an entity that will ultimately be resolved when one or more future events occur or fail to occur.

**Lease**

An agreement conveying the right to use property, plant, or equipment (land and/or depreciable assets) usually for a stated period of time.

**Note**: The following definition is Pending Content; see Transition Guidance in 842-10-65-1.

A contract, or part of a contract, that conveys the right to control the use of identified property, plant, or equipment (an identified asset) for a period of time in exchange for consideration.

**Lessee**

**Note**: The following definition is Pending Content; see Transition Guidance in 842-10-65-1.

An entity that enters into a contract to obtain the right to use an underlying asset for a period of time in exchange for consideration.

**Lessor**

**Note**: The following definition is Pending Content; see Transition Guidance in 842-10-65-1.

An entity that enters into a <u>contract</u> to provide the right to use an <u>underlying asset</u> for a period of time in exchange for consideration.

### Loss Contingency

An existing condition, situation, or set of circumstances involving uncertainty as to possible loss to an entity that will ultimately be resolved when one or more future events occur or fail to occur. The term loss is used for convenience to include many charges against income that are commonly referred to as expenses and others that are commonly referred to as losses.

### Probable

The future event or events are likely to occur.

### Reasonably Possible

The chance of the future event or events occurring is more than remote but less than likely.

### Reinsurance

A transaction in which a reinsurer (assuming entity), for a consideration (premium), assumes all or part of a risk undertaken originally by another insurer (ceding entity). For indemnity reinsurance, the legal rights of the insured are not affected by the reinsurance transaction and the insurance entity issuing the insurance contract remains liable to the insured for payment of policy benefits. Assumption or novation reinsurance contracts that are legal replacements of one insurer by another extinguish the ceding entity's liability to the policyholder.

### Remote

The chance of the future event or events occurring is slight.

### Underlying Asset

**Note**: The following definition is Pending Content; see Transition Guidance in <u>842-10-65-1</u>.

An asset that is the subject of a <u>lease</u> for which a right to use that asset has been conveyed to a <u>lessee</u>. The underlying asset could be a physically distinct portion of a single asset.

### Variable Lease Payments

**Note**: The following definition is Pending Content; see Transition Guidance in <u>842-10-65-1</u>.

Payments made by a <u>lessee</u> to a <u>lessor</u> for the right to use an <u>underlying asset</u> that vary because of changes in facts or circumstances occurring after the <u>commencement date</u>, other than the passage of time.

# 450 Contingencies
## 20 Loss Contingencies
### 25 Recognition

**General Note**: The Recognition Section provides guidance on the required criteria, timing, and location (within the financial statements) for recording a particular item in the financial statements. Disclosure is not recognition.

## General

> **General Rule**

**450-20-25-1**   When a **loss contingency** exists, the likelihood that the future event or events will confirm the loss or impairment of an asset or the incurrence of a liability can range from **probable** to **remote**. As indicated in the definition of **contingency**, the term *loss* is used for convenience to include many charges against income that are commonly referred to as expenses and others that are commonly referred to as losses. The Contingencies Topic uses the terms *probable*, **reasonably possible**, and *remote* to identify three areas within that range.

**450-20-25-2**   An estimated loss from a loss contingency shall be accrued by a charge to income if both of the following conditions are met:

    a. Information available before the financial statements are issued or are available to be issued (as discussed in Section 855-10-25) indicates that it is probable that an asset had been impaired or a liability had been incurred at the date of the financial statements. Date of the financial statements means the end of the most recent accounting period for which financial statements are being presented. It is implicit in this condition that it must be probable that one or more future events will occur confirming the fact of the loss.

    b. The amount of loss can be reasonably estimated.

The purpose of those conditions is to require accrual of losses when they are reasonably estimable and relate to the current or a prior period. Paragraphs 450-20-55-1 through 55-17 and Examples 1–2 (see paragraphs 450-20-55-18 through 55-35) illustrate the application of the conditions. As discussed in paragraph 450-20-50-5, disclosure is preferable to accrual when a reasonable estimate of loss cannot be made. Further, even losses that are reasonably estimable shall not be accrued if it is not probable that an asset has been impaired or a liability has been incurred at the date of an entity's financial statements because those losses relate to a future period rather than the current or a prior period. Attribution of a loss to events or activities of the current or prior periods is an element of asset impairment or liability incurrence.

> **Assessing Probability of Incurrence of a Loss**

**450-20-25-3**   The conditions in the preceding paragraph are not intended to be so rigid that they require virtual certainty before a loss is accrued. Instead, the condition in (a) in the preceding paragraph is intended to proscribe accrual of losses that relate to future periods.

> **Assessing Whether a Loss Is Reasonably Estimable**

**450-20-25-4**   The condition in paragraph 450-20-25-2(b) is intended to prevent accrual in the financial statements of amounts so uncertain as to impair the integrity of those statements.

**450-20-25-5**   That requirement shall not delay accrual of a loss until only a single amount can be reasonably estimated. To the contrary, when the condition in paragraph 450-20-25-2(a) is met and information available indicates that the estimated amount of loss is within a range of amounts, it follows that some amount of loss has occurred and can be reasonably estimated. Thus, when the condition in paragraph 450-20-25-2(a) is met with respect to a particular loss contingency and the reasonable estimate of the loss is a range, the condition in paragraph 450-20-25-2(b) is met and an amount shall be accrued for the loss.

**>    Events After the Date of the Financial Statements**

**450-20-25-6**   After the date of an entity's financial statements but before those financial statements are issued or are available to be issued (as discussed in Section 855-10-25), information may become available indicating that an asset was impaired or a liability was incurred after the date of the financial statements or that there is at least a reasonable possibility that an asset was impaired or a liability was incurred after that date. The information may relate to a loss contingency that existed at the date of the financial statements, for example, an asset that was not insured at the date of the financial statements. On the other hand, the information may relate to a loss contingency that did not exist at the date of the financial statements, for example, threat of expropriation of assets after the date of the financial statements or the filing for bankruptcy by an entity whose debt was guaranteed after the date of the financial statements. In none of the cases cited in this paragraph was an asset impaired or a liability incurred at the date of the financial statements, and the condition for accrual in paragraph 450-20-25-2(a) is, therefore, not met.

**450-20-25-7**   If a loss cannot be accrued in the period when it is probable that an asset had been impaired or a liability had been incurred because the amount of loss cannot be reasonably estimated, the loss shall be charged to the income of the period in which the loss can be reasonably estimated and shall not be charged retroactively to an earlier period. All estimated losses for loss contingencies shall be charged to income rather than charging some to income and others to retained earnings as prior period adjustments.

**>    Business Risks**

**450-20-25-8**   General or unspecified business risks do not meet the conditions for accrual in paragraph 450-20-25-2, and no accrual for loss shall be made.

---

### Securities and Exchange Commission (SEC)

**General Note**: The Recognition Section provides guidance on the required criteria, timing, and location (within the financial statements) for recording a particular item in the financial statements. Disclosure is not recognition.

### General

**>    Accounting for Legal Costs**

**450-20-S25-1**   See paragraph 450-20-S99-2, SEC Staff Announcement: Accounting for Legal Costs Expected to Be Incurred in Connection with a Loss Contingency, for SEC Staff views on the recognition of such costs.

---

January 12, 2021

# 450 Contingencies
## 20 Loss Contingencies
### 30 Initial Measurement

> **General Note**: The Initial Measurement Section provides guidance on the criteria and amounts used to measure a particular item at the date of initial recognition.

## General

**450-20-30-1**   If some amount within a range of loss appears at the time to be a better estimate than any other amount within the range, that amount shall be accrued. When no amount within the range is a better estimate than any other amount, however, the minimum amount in the range shall be accrued. Even though the minimum amount in the range is not necessarily the amount of loss that will be ultimately determined, it is not likely that the ultimate loss will be less than the minimum amount. Examples 1–2 (see paragraphs 450-20-55-18 through 55-35) illustrate the application of these initial measurement standards.

---

## Securities and Exchange Commission (SEC)

> **General Note**: The Initial Measurement Section provides guidance on the criteria and amounts used to measure a particular item at the date of initial recognition.

### General

> **Use of Discounts**

**450-20-S30-1**   See paragraph 450-20-S99-1, SAB Topic 5.Y, Question 1, for the SEC Staff views on the use of discounts to measure loss contingencies.

January 12, 2021

# 450 Contingencies
## 20 Loss Contingencies
### 50 Disclosure

> **General Note**: The Disclosure Section provides guidance regarding the disclosure in the notes to financial statements. In some cases, disclosure may relate to disclosure on the face of the financial statements.

## General

> **Accruals for Loss Contingencies**

**450-20-50-1**   Disclosure of the nature of an accrual made pursuant to the provisions of paragraph 450-20-25-2, and in some circumstances the amount accrued, may be necessary for the financial statements not to be misleading. Terminology used shall be descriptive of the nature of the accrual, such as estimated liability or liability of an estimated amount. The term *reserve* shall not be used for an accrual made pursuant to paragraph 450-20-25-2; that term is limited to an amount of unidentified or unsegregated assets held or retained for a specific purpose. Examples 1 (see paragraph 450-20-55-18) and 2, Cases A, B, and D (see paragraphs 450-20-55-23, 450-20-55-27, and 450-20-55-32) illustrate the application of these disclosure standards.

**450-20-50-2**   If the criteria in paragraph 275-10-50-8 are met, paragraph 275-10-50-9 requires disclosure of an indication that it is at least **reasonably possible** that a change in an entity's estimate of its **probable** liability could occur in the near term. Example 3 (see paragraph 450-20-55-36) illustrates this disclosure for an entity involved in litigation.

> **Unrecognized Contingencies**

**450-20-50-2A**   The disclosures required by paragraphs 450-20-50-3 through 50-6 do not apply to loss contingencies arising from an entity's recurring estimation of its allowance for credit losses. (See paragraph 310-10-50-21.)

> Pending Content:
>
> **Transition Date:** *(P) December 16, 2019; (N) December 16, 2022* │ **Transition Guidance:  326-10-65-1**
>
> The disclosures required by paragraphs 450-20-50-3 through 50-6 do not apply to credit losses on instruments within the scope of Topic 326 on measurement of credit losses. (See paragraph 310-10-50-21.)

**450-20-50-3**   Disclosure of the **contingency** shall be made if there is at least a reasonable possibility that a loss or an additional loss may have been incurred and either of the following conditions exists:

   a.  An accrual is not made for a **loss contingency** because any of the conditions in paragraph 450-20-25-2 are not met.

   b.  An exposure to loss exists in excess of the amount accrued pursuant to the provisions of paragraph 450-20-30-1.

Examples 1–3 (see paragraphs 450-20-55-18 through 55-37) illustrate the application of these disclosure standards.

**450-20-50-4**   The disclosure in the preceding paragraph shall include both of the following:

   a.  The nature of the contingency

   b.  An estimate of the possible loss or range of loss or a statement that such an estimate cannot be made.

**450-20-50-5**   Disclosure is preferable to accrual when a reasonable estimate of loss cannot be made. For example, disclosure shall be made of any loss contingency that meets the condition in paragraph 450-20-25-2(a) but that is not accrued because the amount of loss cannot be reasonably estimated (the condition in paragraph 450-20-25-2[b]). Disclosure also shall be made of some loss contingencies that do not meet the condition in paragraph 450-20-25-2(a)—

namely, those contingencies for which there is a reasonable possibility that a loss may have been incurred even though information may not indicate that it is probable that an asset had been impaired or a liability had been incurred at the date of the financial statements.

**450-20-50-6**   Disclosure is not required of a loss contingency involving an unasserted claim or assessment if there has been no manifestation by a potential claimant of an awareness of a possible claim or assessment unless both of the following conditions are met:

>   a.   It is considered probable that a claim will be asserted.

>   b.   There is a reasonable possibility that the outcome will be unfavorable.

**450-20-50-7**   Disclosure of noninsured or underinsured risks is not required by this Subtopic. However, disclosure in appropriate circumstances is not discouraged.

**450-20-50-8**   No disclosure about general or unspecified business risks is required by this Subtopic, however, Topic 275 requires disclosure of certain business risks.

> **Losses Arising After the Date of the Financial Statements**

**450-20-50-9**   Disclosure of a loss, or a loss contingency, arising after the date of an entity's financial statements but before those financial statements are issued, as described in paragraphs 450-20-25-6 through 25-7, may be necessary to keep the financial statements from being misleading if an accrual is not required. If disclosure is deemed necessary, the financial statements shall include both of the following:

>   a.   The nature of the loss or loss contingency

>   b.   An estimate of the amount or range of loss or possible loss or a statement that such an estimate cannot be made.

**450-20-50-10**   Occasionally, in the case of a loss arising after the date of the financial statements if the amount of asset impairment or liability incurrence can be reasonably estimated, disclosure may best be made by supplementing the historical financial statements with pro forma financial data giving effect to the loss as if it had occurred at the date of the financial statements. It may be desirable to present pro forma statements, usually a balance sheet only, in columnar form on the face of the historical financial statements.

---

## Securities and Exchange Commission (SEC)

**General Note**: The Disclosure Section provides guidance regarding the disclosure in the notes to financial statements. In some cases, disclosure may relate to disclosure on the face of the financial statements.

## General

> **Accruals for Loss Contingencies**

**450-20-S50-1**   See paragraph 450-20-S99-1, SAB Topic 5.Y., Question 2 and Question 4, for the SEC Staff views on disclosures pertaining to loss contingencies.

> **Policy for Accrual of Legal Costs**

**450-20-S50-2**   See paragraph 450-20-S99-2, SEC Staff Announcement: Accounting for Legal Costs Expected to be Incurred in Connection with a Loss Contingency, for SEC Staff views on disclosures related to such accounting.

January 12, 2021

# 450 Contingencies
## 20 Loss Contingencies
### 55 Implementation Guidance and Illustrations

> **General Note**: The Implementation Guidance and Illustrations Section contains implementation guidance and illustrations that are an integral part of the Subtopic. The implementation guidance and illustrations do not address all possible variations. Users must consider carefully the actual facts and circumstances in relation to the requirements of the Subtopic.

## General

> **Implementation Guidance**

**450-20-55-1**  This Section includes implementation guidance for the application of the conditions for accrual of **loss contingencies** and for the disclosure requirements of this Subtopic. This guidance does not address all possible applications of the requirements of this Subtopic. Therefore, accrual and disclosure of loss contingencies should be based on an evaluation of the facts and circumstances in each particular situation.

> > **Injury or Damage Caused by Products Sold**

**450-20-55-2**  If it is **probable** that a claim resulting from injury or damage caused by a product defect will arise with respect to products or services that have been sold, accrual for losses may be appropriate. The condition in paragraph 450-20-25-2(a) would be met, for instance, with respect to a drug product or toys that have been sold if a health or safety hazard related to those products is discovered and as a result it is considered probable that liabilities have been incurred. The condition in paragraph 450-20-25-2(b) would be met if experience or other information enables the entity to make a reasonable estimate of the loss with respect to the drug product or the toys.

> > **Risk of Loss or Damage of Property**

**450-20-55-3**  At the date of an entity's financial statements, it may not be insured against risk of future loss or damage to its property by fire, explosion, or other hazards. Some risks, for all practical purposes, may be noninsurable, and the self-assumption of those risks is mandatory.

**450-20-55-4**  The absence of insurance against losses from risks of those types constitutes an existing condition involving uncertainty about the amount and timing of any losses that may occur, in which case a **loss contingency** exists. Uninsured risks may arise in a number of ways, including the following:

    a.  Noninsurance of certain risks

    b.  Co-insurance or deductible clauses in an insurance contract

    c.  Insurance through a subsidiary or investee to the extent not reinsured with an independent insurer. (The effects of transactions between a parent or other investor and a subsidiary or investee insurance entity should be eliminated from an entity's financial statements in accordance with paragraphs 810-10-45-1 and 323-10-35-7.)

**450-20-55-5**  The absence of insurance does not mean that an asset has been impaired or a liability has been incurred at the date of an entity's financial statements. Fires, explosions, and other similar events that may cause loss or damage of an entity's property are random in their occurrence. With respect to events of that type, the condition in paragraph 450-20-25-2(a) is not satisfied prior to the occurrence of the event because until that time there is no diminution in the value of the property. There is no relationship of those events to the activities of the entity prior to their occurrence, and no asset is impaired prior to their occurrence. Further, unlike an insurance entity, which has a contractual obligation under policies in force to reimburse insureds for losses, an entity can have no such obligation to itself and, hence, no liability.

> > **Risk of Loss from Future Events**

**450-20-55-6**   An entity may choose not to purchase insurance against risk of loss that may result from injury to others, damage to the property of others, or interruption of its business operations. Exposure to risks of those types constitutes an existing condition involving uncertainty about the amount and timing of any losses that may occur, in which case a **contingency** exists.

**450-20-55-7**   Mere exposure to risks of those types, however, does not mean that an asset has been impaired or a liability has been incurred. The condition in paragraph 450-20-25-2(a) is not met with respect to loss that may result from injury to others, damage to the property of others, or business interruption that may occur after the date of an entity's financial statements. Losses of those types do not relate to the current or a prior period but rather to the future period in which they occur. Thus, for example, an entity with a fleet of vehicles should not accrue for injury to others or damage to the property of others that might be caused by those vehicles in the future even if the amount of those losses may be reasonably estimable.

**450-20-55-8**   On the other hand, the conditions in paragraph 450-20-25-2 would be met with respect to uninsured losses resulting from injury to others or damage to the property of others if both of the following are true:

    a.  The event took place prior to the date of the financial statements, even though the entity may not become aware of those matters until after that date.

    b.  The experience of the entity or other information enables it to make a reasonable estimate of the loss that was incurred prior to the date of its financial statements.

Injury or damage resulting from products that have been sold are discussed in paragraph 450-20-55-2.

> > **Threat of Expropriation**

**450-20-55-9**   The threat of expropriation of assets is a contingency (as defined) because of the uncertainty about its outcome and effect. The condition in paragraph 450-20-25-2(a) is met if both of the following are true:

    a.  Expropriation is imminent.

    b.  Compensation will be less than the carrying amount of the assets.

Imminence may be indicated, for example, by public or private declarations of intent by a government to expropriate assets of the entity or actual expropriation of assets of other entities. The condition in paragraph 450-20-25-2(b) requires that accrual be made only if the amount of loss can be reasonably estimated. If the conditions for accrual are not met, the disclosures described in paragraphs 450-20-50-3 through 50-8 would be made if there is at least a reasonable possibility that an asset has been impaired.

> > **Litigation, Claims, and Assessments**

**450-20-55-10**   The following factors should be considered in determining whether accrual and/or disclosure is required with respect to pending or threatened litigation and actual or possible claims and assessments:

    a.  The period in which the underlying cause (that is, the cause for action) of the pending or threatened litigation or of the actual or possible claim or assessment occurred

    b.  The degree of probability of an unfavorable outcome

    c.  The ability to make a reasonable estimate of the amount of loss.

Examples 1 through 2 (see paragraphs 450-20-55-18 through 55-35) illustrate the consideration of these factors in determining whether to accrue or disclose litigation.

> > > **Losses Arising Before the Date of the Financial Statements**

**450-20-55-11**   Accrual may be appropriate for litigation, claims, or assessments whose underlying cause is an event occurring on or before the date of an entity's financial statements even if the entity does not become aware of the existence or possibility of the lawsuit, claim, or assessment until after the date of the financial statements. If those financial statements have not been issued or are not yet available to be issued (as discussed in Section 855-10-25), accrual of a loss related to the litigation, claim, or assessment would be required if the probability of loss is such that the condition in paragraph 450-20-25-2(a) is met and the amount of loss can be reasonably estimated.

#### > > > > Assessing Probability of the Incurrence of a Loss

**450-20-55-12**   If the underlying cause of the litigation, claim, or assessment is an event occurring before the date of an entity's financial statements, the probability of an outcome unfavorable to the entity must be assessed to determine whether the condition in paragraph 450-20-25-2(a) is met. Among the factors that should be considered are the following:

     a. The nature of the litigation, claim, or assessment

     b. The progress of the case (including progress after the date of the financial statements but before those statements are issued or are available to be issued [as discussed in Section 855-10-25])

     c. The opinions or views of legal counsel and other advisers, although, the fact that legal counsel is unable to express an opinion that the outcome will be favorable to the entity should not necessarily be interpreted to mean that the condition in paragraph 450-20-25-2(a) is met

     d. The experience of the entity in similar cases

     e. The experience of other entities

     f. Any decision of the entity's management as to how the entity intends to respond to the lawsuit, claim, or assessment (for example, a decision to contest the case vigorously or a decision to seek an out-of-court settlement).

**450-20-55-13**   The filing of a suit or formal assertion of a claim or assessment does not automatically indicate that accrual of a loss may be appropriate. The degree of probability of an unfavorable outcome must be assessed. The condition in paragraph 450-20-25-2(a) would be met if an unfavorable outcome is determined to be probable. Accrual would be inappropriate, but disclosure would be required, if an unfavorable outcome is determined to be **reasonably possible** but not probable, or if the amount of loss cannot be reasonably estimated.

**450-20-55-14**   With respect to unasserted claims and assessments, an entity must determine the degree of probability that a suit may be filed or a claim or assessment may be asserted and the possibility of an unfavorable outcome. If an unfavorable outcome is probable and the amount of loss can be reasonably estimated, accrual of a loss is required by paragraph 450-20-25-2. For example:

     a. A catastrophe, accident, or other similar physical occurrence predictably engenders claims for redress, and in such circumstances their assertion may be probable.

     b. An investigation of an entity by a governmental agency, if enforcement proceedings have been or are likely to be instituted, is often followed by private claims for redress, and the probability of their assertion and the possibility of loss should be considered in each case.

     c. An entity may believe there is a possibility that it has infringed on another entity's patent rights, but the entity owning the patent rights has not indicated an intention to take any action and has not even indicated an awareness of the possible infringement. In that case, a judgment must first be made as to whether the assertion of a claim is probable.

**450-20-55-15**   If the judgment is that assertion is not probable, no accrual or disclosure would be required. On the other hand, if the judgment is that assertion is probable, then a second judgment must be made as to the degree of probability of an unfavorable outcome. The disclosures described in paragraphs 450-20-50-3 through 50-8 would be required in either of the following circumstances:

     a. An unfavorable outcome is probable but the amount of loss cannot be reasonably estimated.

     b. An unfavorable outcome is reasonably possible but not probable.

#### > > > > Assessing Whether a Loss Is Reasonably Estimable

**450-20-55-16**   As a condition for accrual of a loss contingency, the condition in paragraph 450-20-25-2(b) requires that the amount of loss can be reasonably estimated. In some cases, it may be determined that a loss was incurred because an unfavorable outcome of the litigation, claim, or assessment is probable (thus satisfying the condition in paragraph 450-20-25-2[a]), but the range of possible loss is wide. Examples 1 and 3 (see paragraphs 450-20-55-18 and 450-20-55-36) illustrate the application of the standards in this Subtopic when the range of possible loss is wide.

#### > > > Losses Arising after the Date of the Financial Statements

**450-20-55-17**   As a condition for accrual of a loss contingency, the condition in paragraph 450-20-25-2(a) requires that information available before the financial statements are issued or are available to be issued (as discussed in Section 855-10-25) indicate that it is probable that an asset had been impaired or a liability had been incurred at the date of the financial statements. Accordingly, accrual would clearly be inappropriate for litigation, claims, or assessments whose underlying cause is an event or condition occurring after the date of financial statements but before those financial statements are issued or are available to be issued. For example, an entity would not accrue a suit for damages alleged to have been suffered as a result of an accident that occurred after the date of the financial statements. However, disclosure may be required by paragraphs 450-20-50-9 through 50-10.

## > >    Net Loss on Insurance Policies

**450-20-55-17A**   This Subtopic does not prohibit (and, in fact, requires) accrual of a net loss (that is, a loss in excess of deferred premiums) that probably will be incurred on insurance policies that are in force, provided that the loss can be reasonably estimated.

## >    Illustrations

## > >    Example 1: Litigation Open to Considerable Interpretation

**450-20-55-18**   An entity may be litigating a dispute with another party. In preparation for the trial, it may determine that, based on recent developments involving one aspect of the litigation, it is probable that it will have to pay $2 million to settle the litigation. Another aspect of the litigation may, however, be open to considerable interpretation, and depending on the interpretation by the court the entity may have to pay an additional $8 million over and above the $2 million.

**450-20-55-19**   In that case, paragraph 450-20-25-2 requires accrual of the $2 million if that is considered a reasonable estimate of the loss.

**450-20-55-20**   Paragraphs 450-20-50-1 through 50-2 require disclosure of the nature of the accrual, and depending on the circumstances, may require disclosure of the $2 million that was accrued.

**450-20-55-21**   Paragraphs 450-20-50-3 through 50-8 require disclosure of the additional exposure to loss if there is a reasonable possibility that the additional amounts will be paid.

## > >    Example 2: Multiple Case Litigation Example

**450-20-55-22**   The following Cases illustrate application of the accrual and disclosure requirements in the following stages of litigation:

a.  The trial is complete but the damages are undetermined (Case A).

b.  The trial is incomplete but an unfavorable outcome is probable (Case B).

c.  The trial is incomplete and unfavorable outcome is reasonably possible (Case C).

d.  There is a range of loss and one amount is a better estimate than any other (Case D).

## > > >    Case A: Trial Is Complete but Damages Are Undetermined

**450-20-55-23**   An entity is involved in litigation at the close of its fiscal year and information available indicates that an unfavorable outcome is probable. Subsequently, after a trial on the issues, a verdict unfavorable to the entity is handed down, but the amount of damages remains unresolved at the time the financial statements are issued or are available to be issued (as discussed in Section 855-10-25). Although the entity is unable to estimate the exact amount of loss, its reasonable estimate at the time is that the judgment will be for not less than $3 million or more than $9 million. No amount in that range appears at the time to be a better estimate than any other amount.

**450-20-55-24**   In this Case, paragraph 450-20-30-1 requires accrual of the $3 million (the minimum of the range) at the close of the fiscal year.

**450-20-55-25**   Paragraphs 450-20-50-1 through 50-2 require disclosure of the nature of the contingency and, depending on the circumstances, may require disclosure of the amount of the accrual.

**450-20-55-26**   Paragraphs 450-20-50-3 through 50-8 require disclosure of the exposure to an additional amount of loss of up to $6 million.

### > > > Case B: Trial Is Incomplete but Unfavorable Outcome Is Probable

**450-20-55-27**    Assume the same facts as in Case A, except it is probable that a verdict will be unfavorable and the trial has not been completed before the financial statements are issued or are available to be issued (as discussed in Section 855-10-25). In that situation, the condition in paragraph 450-20-25-2(a) would be met because information available to the entity indicates that an unfavorable verdict is probable. An assessment that the range of loss is between $3 million and $9 million would meet the condition in paragraph 450-20-25-2(b).

**450-20-55-28**    In this Case, if no single amount in that range is a better estimate than any other amount, paragraph 450-20-30-1 requires accrual of $3 million (the minimum of the range) at the close of the fiscal year.

**450-20-55-29**    Paragraphs 450-20-50-1 through 50-2 require disclosure of the nature of the contingency and, depending on the circumstances, may require disclosure of the amount of the accrual.

**450-20-55-30**    Paragraphs 450-20-50-3 through 50-8 require disclosure of the exposure to an additional amount of loss of up to $6 million.

### > > > Case C: Trial Is Incomplete and Unfavorable Outcome Is Reasonably Possible

**450-20-55-31**    Assume the same facts as in Case B, except the entity had assessed the verdict differently (for example, that an unfavorable verdict was not probable but was only reasonably possible). The condition in paragraph 450-20-25-2(a) would not have been met and no amount of loss would be accrued. Paragraphs 450-20-50-3 through 50-8 require disclosure of the nature of the contingency and any amount of loss that is reasonably possible.

### > > > Case D: Range of Loss and One Amount Is a Better Estimate than Any Other

**450-20-55-32**    Assume that in Case A and Case B the condition in paragraph 450-20-25-2(a) has been met and a reasonable estimate of loss is a range between $3 million and $9 million but a loss of $4 million is a better estimate than any other amount in that range.

**450-20-55-33**    In this Case, paragraph 450-20-30-1 requires accrual of $4 million.

**450-20-55-34**    Paragraphs 450-20-50-1 through 50-2 require disclosure of the nature of the contingency and, depending on the circumstances, may require disclosure of the amount of the accrual.

**450-20-55-35**    Paragraphs 450-20-50-3 through 50-8 require disclosure of the exposure to an additional amount of loss of up to $5 million.

### > > Example 3: Illustrative Disclosure

**450-20-55-36**    Entity A is the defendant in litigation involving a major competitor claiming patent infringement (Entity B). The suit claims damages of $200 million. Discovery has been completed, and Entity A is engaged in settlement discussions with the plaintiff. Entity A has made an offer of $5 million to settle the case, which offer was rejected by the plaintiff; the plaintiff has made an offer of $35 million to settle the case, which offer was rejected by Entity A. Based on the expressed willingness of the plaintiff to settle the case along with information revealed during discovery and the likely cost and risk to both sides of litigating, Entity A believes that it is probable the case will not come to trial. Accordingly, Entity A has determined that it is probable that it has some liability. Entity A's reasonable estimate of this liability is a range between $10 million and $35 million, with no amount within that range a better estimate than any other amount; accordingly, $10 million was accrued.

**450-20-55-37**    Entity A provides the following disclosure in accordance with Section 450-20-50.

> On March 15, 19X1, Entity B filed a suit against the company claiming patent infringement. While the company believes it has meritorious defenses against the suit, the ultimate resolution of the matter, which is expected to occur within one year, could result in a loss of up to $25 million in excess of the amount accrued.