# Exhibit 53

# Section 16 Treatise and Reporting Guide

Welcome back, Location.
Click here if this is not you.

Log Out

## Part I. Chapters

1. Statutory Scheme (/member/V5/01.htm)
2. Statutory Insiders (/member/V5/02.htm)
3. Equity Securities (/member/V5/03.htm)
4. Beneficial Ownership (/member/V5/04.htm)
5. The Reporting System (/member/V5/05.htm)
6. Reporting Exemptions (/member/V5/06.htm)
7. Reporting Guidelines (/member/V5/07.htm)
8. Issuer Disclosure and Compliance (/member/V5/08.htm)
9. Short Swing Liability (/member/V5/09.htm)
10. Purchase and Sale (/member/V5/10.htm)
11. Short-Swing Measuring Period (/member/V5/11.htm)
12. Realized Profit (/member/V5/12.htm)
13. Section 16(b) Exemptions (/member/V5/13.htm)
14. Transactions with the Issuer Under 16b-3 (/member/V5/14.htm)
15. Short Sales and Other Transactions (/member/V5/15.htm)

## Part II. Appendix

A. Statutory Provisions (/member/V5/Appendix.htm#A)
B. Rules and Regulations (/member/V5/Appendix.htm#B)
C. Reporting Forms (/member/V5/Appendix.htm#C)
D. Selected Section 16 Releases (/member/V5/Appendix.htm#D)
E. Selected Staff Interpretations (/member/V5/Appendix.htm#E)
F. Model Compliance Documents (/member/V5/Appendix.htm#F)
G. Selected Letters from the American Bar Association (/member/V5/Appendix.htm#G)
H. U.S. Supreme Court Decisions (/member/V5/Appendix.htm#H)

**Part III.** Index (/member/V5/pdfs/index.pdf)



In response to numerous requests, we have now created an online version of the popular *Romeo & Dye's Section 16 Treatise and Reporting Guide*. This 5th Edition of the Treatise from Peter Romeo and Alan Dye continues to be the essential Section 16 resource providing practical guidance on Section 16 of the Securities Exchange Act of 1934 and all of the related rules.

Many lawyers and administrators responsible for Section 16 expressed frustration with the challenges of locating a copy of the popular Treatise within their own firm or company, as it remains the type of valued resource that everyone uses as a deskside reference. With this online resource, never go searching for that hidden copy again! **Try a No-Risk Trial Today! (http://www.section16.net/Sub/TreatiseNew.htm)**

This 5th Edition of the Treatise is dated May 2019.

Terms and Conditions/Privacy Policy (//www.section16treatise.net/SupportFiles/MemberTerms.htm)

© 2001 - 2021, Executive Press, Inc.

CCRcorp, 7600 N. Capital of Texas Highway Bldg B STE 120, Austin, TX 78731 info@ccrcorp.com (mailto:info@ccrcorp.com)

## § 5.03    Scope of the Reporting Obligation

The obligation to file beneficial ownership reports is imposed on insiders by Section 16(a).  The statutory provision requires insiders to disclose information regarding their holdings of, and transactions in, all equity securities of the issuer of which they are the beneficial owner,[1] unless an exemption from reporting is available.[2]

### [1]    Who Must Report

Section 16(a) requires reporting only by persons who are insiders of an issuer that has a class of equity securities registered under Section 12 of the 1934 Act.[3]  "Insiders" for purposes of Section 16 are persons who, by virtue of their position with the issuer or their ownership of issuer securities, are presumed to have access to material nonpublic information about the issuer.  Specifically, only officers and directors of the issuer, and beneficial owners of more than ten percent of a class of the issuer's equity securities that is registered under Section 12, are insiders subject to Section 16.[4]

### [2]    Securities Subject to Reporting

Insiders must report their ownership of and transactions in equity securities of which they are the beneficial owner, whether the securities are owned directly by the insider or indirectly through others.[5]  Even if the securities are of a class not registered under Section 12, the insider must report them.[6]

---

[1] See Instruction 4(a)(i) to Form 3 and Instruction 3(a)(i) to Forms 4 and 5.  For this purpose, an insider is deemed to be the beneficial owner of any security in which he or she has a pecuniary interest under Rule 16a-1(a)(2).  Beneficial ownership under Rule 16a-1(a)(2) is discussed in Chapter 4.  Insiders who beneficially own a fractional share under a profit-sharing plan, deferred compensation plan, dividend reinvestment plan, or other plan may round the fractional share to any number of decimal places, or may even round the fractional share up or down to the nearest whole share.  Failure to report ownership of a fractional share should not be considered a reporting violation.

[2] Exemptions from the reporting requirements are discussed in Chapter 6.

[3] See § 3.05 for a discussion of Section 12 registration.

[4] See Chapter 2 for a discussion of who is a statutory insider.

[5] See Instruction 5(a)(ii) to Form 3 and Instruction 4(b)(ii) to Forms 4 and 5.  For a discussion of direct and indirect beneficial ownership, see §§ 4.03[1] and [2].

[6] For a discussion of reporting principles applicable to securities of registered and unregistered classes, see ROMEO & DYE, SECTION 16 FORMS AND FILINGS HANDBOOK, Model Form 24 (8th ed. 2014).

### [a]   Aggregate Reporting

Each reportable transaction must be reported separately.[24] Transactions in a single class of security that occur on the same day and at the same price (e.g., three sales of common stock at $35 a share) are deemed to be a single transaction and therefore may be reported on an aggregate basis on a single line of a Form 4 or Form 5.

At one time, the SEC staff took the position that an insider may not aggregate transactions that occur on the same day at different prices. The staff had taken this position informally for over ten years before the staff published it officially in 2007.[25] Prior to the staff's publication of its position (and in some cases even afterward), many insiders aggregated on a single line multiple transactions that occurred on the same day but at different prices, using a weighted average price or disclosing a range of prices in a footnote to the price column.

Issuers and insiders reacted strongly to the staff's publication of its interpretive position, and soon after the staff issued a no-action letter allowing insiders to report, on a single line of Form 4 (or Form 5), same-day, same-way trades so long as certain transactional and reporting conditions are met.[26] The transactional conditions are:

- The trades must be open market transactions;

- The trades must be executed by a broker-dealer;

- The trades must involve securities owned in the same form (i.e., trades in indirectly owned shares may not be aggregated with trades in directly owned shares or with trades in shares owned indirectly in another form); and

- The trades must occur within a one dollar price range (e.g., all trades from $17.49 through $18.48 may be reported on a single line, all trades from $18.49 to $19.48 may be reported on another line, and so on).

---

[24] See General Instruction 4(a)(ii) to Form 4 and Form 5.

[25] The staff's position was set forth in SEC DIVISION OF CORPORATION FINANCE, COMPLIANCE AND DISCLOSURE INTERPRETATIONS, EXCHANGE ACT SECTION 16 AND RELATED RULES AND FORMS, Q.133.08 (May 23, 2007).

[26] See *Society of Corporate Secretaries and Governance Professionals*, SEC No-Action Letter (June 25, 2008). At the same time it issued the no-action letter, the staff withdrew the Compliance and Disclosure Interpretation referred to in the preceding footnote.

The reporting conditions require that the Form 4 (or Form 5) include the following information:

- The trades must be reported using transaction code "P" or "S";

- The price column must report the weighted average purchase or sale price for the transactions reported on that line, with a footnote disclosing the range of prices for those transactions; and

- The report must include an undertaking, in a footnote, to provide upon request by the SEC staff, the issuer, or any security holder of the issuer, full information regarding the number of shares purchased or sold at each separate price.

The staff's no-action letter enables insiders to condense their disclosures where a single market order results in multiple transactions on a single day at prices that may be only pennies apart. Transactions that occur on different dates, however, may not be aggregated on a single line.

### [b]   Net Reporting

The staff does not permit "net reporting," under which an insider reports the exercise of a stock appreciation right, or the exercise of an employee stock option and a related tax withholding right, by reporting in Table I only the acquisition of the net number of shares issued in connection with the exercise. Instead, the insider must report on one line the acquisition of all of the shares underlying the stock appreciation right or option, and report on a separate line the disposition of a portion of the shares (to pay the exercise price or the withholding amount).[27]

## [5]   Relief from the Reporting Requirements

Some transactions in issuer securities may not be subject to the reporting requirements of Section 16(a). The Commission has exempted some transactions from the reporting requirements by adopting exemptive rules or issuing exemptive orders, and the staff has exempted still others by interpretation. The staff also has authority to extend the reporting deadline in appropriate cases, or to exempt an insider from the obligation to file reports electronically.

---

[27] See *Cravath, Swaine & Moore*, SEC No-Action Letter (May 6, 1991) and ROMEO & DYE, SECTION 16 FORMS AND FILINGS HANDBOOK, Model Form 120 (8th ed. 2014). The insider also must report the disposition of the stock appreciation right or option in Table II. *Id.*